## TINCKUM'S APPEAL.

The Court should not open a judgment by confession on the ground of mistake in the amount, unless the testimony of the petitioner is clear and specific.

Appeal from the Court of Common Pleas of Crawford County, No. 302 Jan. Term, 1884.

This was an appeal from a decree of the Court, refusing to open the judgment, entered by confession, and letting the defendant into a defence. The abstract of the petition to open the judgment is as follows: That S B. Dick sold a lot of land in Meadville to C. H. Prescott, on March 13, 1875 for $7,000. That said purchase was for his wife, L. A. Prescott. That vendee gave a bond and mortgage, in the sum of $7,000, to secure the purchase money. That there was paid prior to Aug. 6, 1875, $3,853.05 to be applied on the bond and mortgage; which money was furnished by the said L. A. Prescott. That on Apr. 6, 1878 for the purpose of protecting the interests of said L. A. Prescott and divesting the title from her husband, an agreement was made between the plaintiff and the defendant, and H. L. Richmond, Jr., that said property should be sold at Sheriff sale, and purchased by said Richmond, to be held in trust by him, and to be conveyed to

defendant, Mary L. Tinckum, provided she execute a judgment upon a mortgage to S. B. Dick for the sum of $6,228.53. Prior to Apr 6, 1878, there had been paid on the mortgage and bond upwards of $5,000, leaving about $3,200 and interest from Apr. 1 due. That since April 6, 1878, there has been paid to plaintiff on this judgment $7,556. That the said Mary L. Tinckum, the defendant, received and held the title of the property, as aforesaid, for her mother L. A. Prescott, and that she subsequently conveyed to said L. A. Prescott. That all the moneys paid on this property were paid out of the funds belonging to L. A. Prescott. That, when the mortgage and bond was given by Mary L. Tinckum to S. B. Dick, there was a mistake in the amount due to said Dick.

It was claimed by the defendants, that at the time of this agreement, only $4,000 on the original bond and mortgage; and that the bond and mortgage for $6,228.53 included $1,000 to be paid to the Meadville Saving Bank, and a claim due to one, Conrad Otterstatter. This last claim was paid. The Court refused to open the judgment, and discharge the rule, on Sept. 10th, 1883, in the following opinion, per

CHURCH, P. J.

There is certainly not evidence in this case sufficient to impeach successfully the consideration of this judgment and its accompanying mortgage. The written papers, with their signatures, such and formal acknowledgments must go for something. Such ought not to be set aside upon loose testimony consisting of thoughts, surmises and wishes. It is to be presumed in the absence of evidence showing, or tending to show, fraud, deceit or mistake, that the written papers signed and acknowledged by the party showed the true conclusion of the transaction. The testimony of the defendant and her principal witness is not sufficient to overturn these papers nor to compel a call upon plaintiff to show specifically the several items which go to make up the whole. The principal witness herself says in cross examination: "In the "mortgage was contained the moneys Mr. Prescott owed Mr. "Dick in purchase of the property, the Otterstatter judgment "and the claim of Mr. Kitchen. I cannot recollect how much

"the Kitchen claim was. I cannot recollect the amount of "the Otterstatter judgment. I cannot say the balance due "on the purchase money. I did not figure it up at the time. "I cannot say who figured it up; it was a mixed affair."

On the contrary the plaintiff's testimony on this point is clear and explicit, and of course is entitled to greater weight than the testimony of defendant, a good deal of which is irrelevant, being hearsay and opinions, and the exhibits, many of them, mere memoranda, etc., made in some instances by nobody knows whom, and when known being merely declarations of third parties wholly unconnected with this controversy. The conditions of the amount of this bond and mortgage must therefore be taken for granted, as its want of truth is in no sense successfully impugned.

As to the contention about the amounts alleged to have been paid from time to time since the giving of this bond, we have evidence which ought to set that at rest.

Exhibit No. 1, dated April 1st, 1881, called an extension of judgment, is a receipt of plaintiff on account for $672.65 and then stating "leaving a balance unpaid on the same from an "approved calculation made by both parties of $1,700 and "interest," and then follows an extension of the time of payment, etc. 'Tis true this paper is signed by plaintiff only; yet it is a paper given to defendant and of which she receives the benefits accepted by her, namely: the extension of time. This paper is not successfully impeached by any legitimate evidence, but on the contrary is explained and substantiated by the evidence of plaintiff and by statements purporting to have been carefully made from his cash books. This paper ought surely to count for something unless explained away by testimony showing fraud, accident or mistake.

There is no such sufficient testimony to submit to a jury, and if there were the preponderance of the testimony is altogether on side of the plaintiff.

If anything has been paid by defendant to plaintiff since April 7th, 1881, the same should be credited the balance then due, which balance before stated, I find to be $1,700 on April 1st, 1881, and the plaintiff allowing any such credits if any

there be. The rule to show cause why judgment should not be opened is discharged.

---

The defendants then appealed, complaining of the decree of the Court as aforesaid.

*Thomas Roddy, Esq.* for appellants argued, that the Court did not exercise. sound discretion in discharging the rule; Kneedler's Appeal, 92 Penna. 430. This appeal is brought under the Act of. Apr. 4, 1877, P. Laws 53, which permits the party aggrieved by the decision, to.have the same reviewed by the Supreme Court. The discretion of the Court means a sound discretion guided by law. It must be governed by rule, and not by humor. It must not be arbitrary, vague and fanciful, but legal and regular; Witman vs. Ely, 4 S. & R. 264. He also referred extensively to the evidence in the case.

The Supreme Court affirmed the decree of the Court below, on Feb. 18, 1884, in the following opinion:

PER CURIAM.

The uncertain memory of the principal witness in behalf of the appellant, as well as the absence of specific and clear facts, in her testimony; were insufficient evidence to defeat the judgment. The Court was fully justified in discharging the rule.

Decree affirmed, and appeal dismissed at the cost of the appellants.